## SMITH v. STATE OF INDIANA.

[No. 25,202.    Filed November 23, 1926.]

1. CRIMINAL LAW.—*Court reporter's certificate that his manuscript incorporated in a bill of exceptions contains all the evidence must be disregarded.*—The court reporter's certificate that the manuscript prepared and certified by him contains all the evidence in the cause, though included in the bill of exceptions containing the evidence, is not sufficient to establish that fact, but must be disregarded.    p. 485.

2. CRIMINAL LAW.—*Questions arising upon the evidence are not presented on appeal where bill of exceptions does not show that it contains all the evidence.*—On appeal, where the bill of exceptions does not show that it contains all the evidence, any questions arising upon the evidence are not before the court and cannot be considered.    p. 486.

3. CRIMINAL LAW.—A transcript of the record on appeal cannot be corrected by filing an affidavit or certified statement of the trial judge, as it does not constitute any part of the record of the trial court.    p. 486.

4. CRIMINAL LAW.—To correct the transcript of the record on appeal, the record in the trial court should be amended so as to show correctly the proceedings therein, and the amended record brought up by a writ of *certiorari.*    p. 486.

5. CRIMINAL LAW.—*Error in admission of evidence and in finding evidence sufficient to convict cannot be reviewed when evidence is not in the record.*—Where the evidence is not in the record, any question depending on the evidence cannot be considered, and appellant's contention that the trial court erred in the admission of evidence and that the evidence is not sufficient to sustain conviction cannot be reviewed.    p. 486.

From Warrick Circuit Court; *Caleb J. Lindsey,* Judge.

Sam Smith was convicted of assault and battery on a female child with felonious intent, and he appeals. *Affirmed.*

*James W. Davis,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Harry L. Gause,* for the State.

EWBANK, J.—Appellant was convicted of an assault and battery on a six year old girl with felonious intent.

Overruling his motion for a new trial is assigned as error, under which assignment, he insists that the trial court erred in admitting certain evidence, and that the evidence is not sufficient to sustain the verdict of guilty. The bill of exceptions which purports to recite the evidence does not contain a statement to the effect that it contains all the evidence given in the cause. The judge merely certified that the bill was presented to him with a request that it be signed, sealed and made a part of the record, that it was taken under advisement for examination and consideration, and that "now on the 4th day of May, 1926, the foregoing bill of exceptions is signed, sealed and made a part of the record and filed with the clerk of the Warrick Circuit Court." And an order-book entry recites that on May 4, 1926, the bill of exceptions, duly approved and signed by the judge, "is now filed as a part of the record in this cause, and is in the words and figures following," after which appears the bill of exceptions with this certificate of the judge attached as part of it.

What purports to be a certificate by the reporter who took down in shorthand and afterward transcribed the evidence is also incorporated in the transcript,

1.   but the judge did not certify that any of the statements therein are true, the reporter's certificate not being incorporated in the bill of exceptions but appearing in the transcript after the judge's certificate "to the foregoing bill of exceptions." A certificate by the reporter to the effect that the manuscript prepared by him contains all the evidence in the cause which is incorporated in the bill of exceptions is not competent to establish that fact, but must be disregarded. *Adams* v. *State* (1901), 156 Ind. 596, 603, 59 N. E. 24; *Black* v. *State* (1908), 171 Ind. 294, 296, 86 N. E. 72.

Where the bill of exceptions does not show that it contains all the evidence given in the cause questions arising upon the evidence are not before the court, and cannot be considered. *Guenther* v. *State* (1895), 141 Ind. 593, 595, 41 N. E. 13; *Rowan* v. *State* (1916), 184 Ind. 399, 403, 111 N. E. 431; *Sunderman* v. *State* (1926), 197 Ind. 705, 151 N. E. 827; Ewbank's Manual (2d ed.) §30a.

By his reply brief, appellant asks the court to accept and consider a certificate by the trial judge which was not made a part of the record by a *nunc pro tunc* entry nor otherwise, but is on a detached sheet of paper which counsel offered to file in this court, and refers to "the bill of exceptions signed and certified by me (the judge) on the 27th day of September, 1926." But, aside from the fact that the certificate to the bill of exceptions in the transcript is dated May 4, 1926, and recites that the judge made it on that day, the rule is well established that the transcript of the record in an appeal cannot be corrected merely by filing in the court where the appeal is pending an affidavit or statement over the judge's signature which does not constitute any part of the record in the court below. To correct a transcript in this court, the record in the court below should be amended and the amended record brought up by a writ of *certiorari*. *Drake* v. *State* (1895), 145 Ind. 210, 220, 44 N. E. 188; *Ferris* v. *State* (1901), 156 Ind. 224, 228, 59 N. E. 475; *Hodgin* v. *Hodgin* (1911), 175 Ind. 157, 160, 93 N. E. 489; Ewbank's Manual (2d ed.) §§214, 214a, 214b.

The evidence not being in the record, appellant's contention that the trial court erred is not sustained.

The judgment is affirmed.