WILLIAM HENDRICKSON *v.* STATE OF INDIANA.

[No. 971S260. Filed May 18, 1973. Rehearing denied July 5, 1973.]

*Frederick B. Robinson,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

Givan, J.—Appellant was charged by affidavit with the crime of robbery. Trial by court without a jury resulted in a finding of guilty as charged. Appellant was sentenced to

the Indiana State Prison for a term of ten to twenty-five years.

The record reveals the following facts:

At about 4:50 A.M. on April 17, 1971, Betty Chew was standing on the corner of Twenty-fourth Street and College Avenue in Indianapolis waiting for a bus. She was approached from behind, choked and thrown to the ground. Her attacker opened her purse and took $6. Miss Chew was unable to describe her attacker; however, a witness, Michael Cavennaugh, who was driving by in an automobile observed the attack, stopped his car and came to Miss Chew's aid. When he got within three to five feet of the appellant, the appellant fled. Mr. Cavennaugh testified that the corner was lighted by a street light and a nearby telephone booth, and that he was able to identify the appellant as Miss Chew's assailant. After appellant fled, Mr. Cavennaugh called the police. A police officer arrested the appellant some three blocks from the scene of the alleged attack. At the time of his arrest, appellant was dressed in the same manner as described by Cavennaugh when he made his report to the police.

The appellant's mother testified as to appellant's good character as did a minister living at the same address as appellant.

Appellant's sole contention of error is that the evidence was insufficient to identify him as the robber. This Court has repeatedly stated that it will consider that evidence most favorable to the State and will not reweigh conflicting evidence, nor determine credibility of witnesses. The trial court's decision will not be disturbed as to sufficiency of evidence, if there is evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Hash* v. *State* (1973), 259 Ind. 683, 291 N. E. 2d 367, 34 Ind. Dec. 635; *Lee* v. *State* (1972), 259 Ind. 301, 286 N. E. 2d 840, 32 Ind. Dec. 475. In the case at bar, Mr. Cavennaugh's identification of the appellant was positive. His observation of the appellant at

the scene of the crime was made under lighted conditions at close range.

We hold the evidence in this case to be sufficient to support the decision of the trial court.

The trial court is, therefore, affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 295 N. E. 2d 810.