JERRY WIMES *v.* STATE OF INDIANA.

[No. 3-1173A154. Filed May 28, 1974.]

*Dale J. Myers,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General for appellee.

STATON, J.—Jerry Wimes was convicted of armed robbery at the conclusion of his court trial on April 5, 1973.[1] He was sentenced to the Indiana Department of Correction for a determinate period of ten (10) years. His appeal to this Court raises the sole issue of sufficient evidence to sustain the conviction. Our opinion below concludes that the evidence was sufficient to sustain the conviction and we affirm.

---

1. IC 1971, 35-12-1-1; Ind. Ann. Stat. § 10-4709 (Burns Supp. 1973).

On October 7, 1972, the Wake Up Oil Service Station on East Washington Street in Fort Wayne, Indiana was robbed by two men, one of whom was holding a shotgun. At about 9:00 o'clock P.M. that evening, Mr. Billy Sexton, the service station attendant, was conversing with two teenage boys. Two men approached on foot and Mr. Sexton's dog began to growl. Mr. Sexton stepped outside of the service station and said, "Come on in boys, the dog won't bite." At this point, one of the two men brought up a shotgun and said, "This will bite, give me your money." Mr. Sexton turned over approximately $398.85, and the two men ran up a hill behind the service station. Mr. Richard Austin confessed that he was the man holding the shotgun during the robbery. The disputed fact in this case is the identity of the second robber.

When the sufficiency of direct evidence is questioned, this Court will not again weigh conflicting evidence, nor determine credibility of the witnesses. This Court will consider only that evidence most favorable to the State together with all logical and reasonable inferences which may be drawn therefrom; and the conviction will be affirmed if there is substantial evidence of probative value from which the trier of fact could reasonably infer that Jerry Wimes was guilty beyond a reasonable doubt. *Hendrickson* v. *State* (1973), 260 Ind. 401, 295 N.E.2d 810, 811; *Lee* v. *State* (1972), 259 Ind. 301, 286 N.E.2d 840, 842. It is Jerry Wimes contention on appeal that Mr. Sexton's identification of him as a participant in the robbery was weak and that his alibi should have been believed by the trier of fact. The testimony of Billy Sexton touching on the identity of Jerry Wimes as one of the participants in the robbery is as follows:

"Q. I'm going to ask you to look around the Court Room, sir, and ask if you can identify anybody in this Court as being one of the two gentlemen that robbed the station that evening?

"A. Yes, sir. The guy sitting right there is the one who had the gun.

\* \* \*

"Q. Well, I mean looking at him now. Could you take, I mean, there are 6 or 7 people in Court, sir.

"A. Wait a second, sir. That looks like the one that was standing to the right. They was standing real close and to tell you the truth, it happened so quick I didn't even get a good look. But that is one of the guys.

"Q. Are you referring to the gentleman who's got his shirt half unbuttoned, a short sleeved shirt?

"A. Yes, sir."

\* \* \*

"Q. Mr. Sexton, I'd like you to stand out of the witness box a minute and come with me. Will the Defendant please rise? Come up here to the table. Now I want you to look at this man every [very] carefully, Mr. Sexton,[.] It's very important. Is there any doubt in your mind on identification at this time in regards to your testimony that this is the man—and look at him—that was accompanied by the other man you saw this morning and committed the robbery of your station that you were manager of on October 7th, 1972?

"A. No, sir, there is no doubt in my mind. He's one of them.

"Q. Thank you. Would you take the witness stand again. Now, Mr. Sexton, was this gentleman you just identified, was he the man holding the shotgun or was he the man who was to the side of the man holding the shotgun? As you best recall?

"Q. Sir, I ain't going to swear that he was the man holding the gun. He looks more like the one who was standing on the right hand side."

Also on cross-examination, Mr. Sexton testified as follows:

"Q. Mr. Sexton, you testified that you didn't get a good look because it happened so fast?

"A. It happened so fast, sir, that I didn't get a real good look, like just what I say, I'm not going to swear that he was the one holding the gun.

"Q. Well, if you didn't get a very good look how can you be so sure that this Defendant was one of them?

"A. When you look into the face of a shotgun and look at a man's face, you don't forget it very easy."

Although the testimony of Billy Sexton discloses confusion about which of the two men held the shotgun, it sufficiently

identifies Jerry Wimes as a participant in the robbery. Additionally, we note from the record that Jerry Wimes confessed his participation in the robbery to Officer Ronald Russell of the Fort Wayne Police Department. The weight to be given Jerry Wimes' alibi that he was passed out drunk in Richard Austin's car and doesn't know what occurred on the evening of October 7, 1972 was for the trier of fact to determine. The trier of fact is not required to believe an alibi witness and whether an alibi is sufficient to raise a reasonable doubt as to a defendant's guilt is a question of fact for the trier of fact. *Cottingham* v. *State* (1973), 261 Ind. 346, 303 N.E.2d 268. Jerry Wimes' contention that his alibi was supported at trial by the testimony of Richard Austin is erroneous. Richard Austin refused to answer many questions and the answers that he did give were evasive or conflicting.

We find substantial evidence of probative value to support Jerry Wimes' conviction of armed robbery beyond a reasonable doubt. Therefore, the judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Garrard, J., concur.

NOTE.—Reported at 311 N.E.2d 459.