JAMES EDWARD SHROPSHIRE *v*. STATE OF INDIANA.

[No. 2-1173A242.  Filed June 17, 1974.]

*G. Ronald Heath, Rocap, Rocap, Reese & Young,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *David A. Miller,* Deputy Attorney General, for appellee.

SULLIVAN, P.J.—Defendant-appellant, James Edward Shropshire, was convicted of assault with intent to kill following a bench trial. The sole issue which Shropshire seeks to present upon appeal is with reference to the accuracy of the identification of him as the perpetrator of the offense.

Police Officer Watford and his partner, Officer Larkins, were on duty in their vehicle on the night of January 30, 1973. Officer Watford knew the Shropshire family. They

were distant cousins. At approximately 8:30 or 9:00 P.M. on that evening, Watford saw Shropshire enter the automobile of Joseph Crowe. The officers followed the Crowe automobile and stopped it desiring an investigatory conversation with Shropshire. The officers illuminated Crowe's vehicle with a spot-light and Watford testified that he identified the passenger as James Edward Shropshire. Shropshire got out of the car and fired four or five shots at the officers who were still in their vehicle. One or more of the shots struck the police car. Shropshire then fled but Crowe remained at the scene and according to Watford stated that his passenger was "Eddie" Shropshire. Crowe's testimony at trial was contrary and identified his passenger as Jerry Shropshire, the defendant's brother.

At trial, both Officers Larkins and Watford positively identified James Edward Shropshire as the man who was in Crowe's car and who fired the shots at them.

Appellant's position is centered upon the testimony by Crowe that his passenger was Jerry Shropshire not James Edward (Eddie) Shropshire and upon the fact that Officer Watford's initial report of the incident identified the person who fired the shots as Jerry, as well as upon Mrs. Shropshire's testimony to the effect that Officer Watford inquired of her immediately following the shooting as to the whereabouts of Jerry rather than of Eddie. Watford explained the use of Jerry's name upon his initial report by stating that he was confused as to whether James Edward or Jerry was known as "Eddie". He further testified without objection that Shropshire's mother told him that it was Eddie who had just left the house and got into Crowe's car. As noted, the testimony of Mrs. Shropshire at trial was contrary.

Appellant concludes that the identification evidence was too uncertain to support his conviction.

We reject this conclusion. The trial court, as was its prerogative, believed the testimony of Officers Larkins and Watford as opposed to the testimony of the defendant's

mother and that of Crowe. We can neither reweigh that evidence nor substitute our judgment for that of the trial court. The evidence of record viewed most favorably to the judgment supports the conviction. *Hendrickson* v. *State* (1973), 260 Ind. 401, 295 N.E.2d 810; *Bellamy* v. *State* (1972), 154 Ind. App. 682, 290 N.E.2d 791.

The judgment is affirmed.

Buchanan and White, JJ., concur.

NOTE.—Reported at 312 N.E.2d 146.