RUSSELL RICKMAN, JR. *v.* STATE OF INDIANA.

[No. 2-973A206. Filed July 25, 1974. Rehearing denied September 26, 1974.]

*Frederick B. Robinson,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *David A. Miller,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant Russell Rickman, Jr. (Rickman) appeals from a trial court judgment convicting him of robbery, claiming insufficient identification evidence.

We affirm.

## FACTS

The facts most favorable to the State are:

At about 10:00 P.M. on the evening of February 28, 1973, while walking across a parking lot in the rear of a Butler University fraternity house in Indianapolis, Harry Wolf (Wolf) noticed an assemblage of four persons standing nearby.

One of these four, identified by Wolf as Rickman, walked up to Wolf and asked for a cigarette. Wolf informed Rickman that he did not smoke and continued on his way. He had not traveled far when Rickman approached him from behind, hit him with his fist and knocked him to the ground. As Wolf stood up facing Rickman, the other three men approached Wolf. Rickman then demanded money and Wolf surrendered his wallet containing five dollars.

Rickman and his confederates removed the money from the wallet, returned it to Wolf and fled the scene.

At trial, Wolf testified he was not sure which of the four actually took his wallet.

One week later, Rickman was seen by Wolf and some friends walking on the Butler University campus. The friends followed Rickman to his home while Wolf telephoned the police. A short time later, Wolf was taken by the police to Rickman's home where he identified Rickman as his assailant. Rickman was placed under arrest and charged by affidavit with (1) Robbery and (2) Inflicting Injury during the commission of a Felony.

At trial, during direct examination by the State, Wolf positively identified Rickman and related his participation in

the crime. However, during cross examination, Wolf stated that immediately prior to trial he indicated some uncertainty to a police officer, saying that he "didn't have a picture in my mind of what he looked like", but that "I would know the man again if I would see him." Nevertheless, Wolf again reaffirmed his position on the stand that he was positive of Rickman's identity after having seen him again.

The trial court found Rickman not guilty of inflicting injury during the commission of a felony, but found him guilty of robbery, for which Rickman was sentenced under the Minor's Statute[1] to one to ten years imprisonment.

Rickman apeals.

### ISSUE

Was the evidence sufficient to identify Rickman as a participant in the robbery?

Rickman contends that Wolf's positive in-court identification of Rickman was "not positive enough" because of a "thread of unsureness" evidenced by his conversation with police prior to trial and his testimony that he was not sure which of the four persons involved actually took his wallet.

The State argues that Wolf's positive in-court identification was more than sufficient to establish Rickman's participation in the robbery.

### DECISION

CONCLUSION—It is our opinion that the evidence was sufficient to identify Rickman as a participant in the robbery.

The sufficiency of evidence identifying a defendant is a question of fact to be weighed by the court or jury. On appeal, a positive in-court identification by a witness will support a conviction regardless of the presence of additional evidence demonstrating some measure of confusion or equivocation exhibited by that witness, since such uncertainties merely affect the weight to be given to the

---

1. IC 1971, § 35-8-3-1, Ind. Ann. Stat. § 9-1815 (Burns 1973 Supp.)

testimony. *Rhodes* v. *State* (1972), 154 Ind. App. 594, 290 N.E.2d 504; *Sargent* v. *State* (1973), 156 Ind. App. 469, 297 N.E.2d 459; *Wimes* v. *State* (1974), 160 Ind. App. 218, 311 N.E.2d 459; *Shropshire* v. *State* (1974), 160 Ind. App. 409, 312 N.E.2d 146; *Keyton* v. *State* (1972), 257 Ind. 645, 278 N.E.2d 277; *Jones* v. *State* (1970), 255 Ind. 57, 262 N.E.2d 538.

Wolf positively identified Rickman as the member of the group who accosted him in the parking lot, physically assaulted him, and demanded his money. Merely because Wolf may have been uncertain as to which of the four persons took his wallet is of no consequence. It was not necessary for the State to prove that Rickman personally committed each and every act involved in the perpetration of the robbery once it was established that he acted in concert with other participants. *Goodlow* v. *State* (1973), 260 Ind. 552, 297 N.E.2d 803; *Bloom* v. *State* (1970), 255 Ind. 8, 262 N.E.2d 392; *Jones* v. *State, supra.*

The judgment of the trial court is affirmed.

Sullivan, P.J., concurs; White, J., concurs in result.

NOTE.—Reported at 314 N.E.2d 108.