EARL TWYMAN *v*. STATE OF INDIANA.

[No. 2-1073A223. Filed May 8, 1975.]

---

1. *See Seastorm* v. *Amick* (1974), 159 Ind. App. 266, 306 N.E.2d 125.

*Lawrence W. Gaston, Jr., Harrison, Moberly & Gaston,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

SULLIVAN, P.J.—Earl Twyman appeals from a conviction of uttering a forged instrument.[1] The trial was conducted by the court without jury.

The facts most favorable to the state and to the judgment of the court below reveal that on June 13, 1972, Twyman "purchased" a pair of shoes at the Thom McAn Shoe Store in the Glendale Shopping Center in Indianapolis. The clerk, Randy Wynaker, testified that Twyman tendered a charge card in the name of John B. Phipps, signed the charge slip with that name, and received the shoes. Two days later, on June 15, 1972, Wynaker testified that Twyman returned to the store and obtained two pairs of shoes in a similar manner. This second transaction was the basis for the charge and conviction herein.

Wynaker testified that in his presence on June 15 Twyman signed the name of John B. Phipps to the charge slips. Wynaker positively identified Twyman as the person who signed the slip. Two pairs of shoes, size 10½, were obtained. (Twyman testified that his shoe size was 10½.)

Twyman returned later in the day with three companions and attempted to make another purchase. Before the sale was consummated, however, Twyman fled, leaving the charge card and the slip behind. (The automobile in which Twyman

---

1. IC 1971, 35-1-124-1, Ind. Ann. Stat. § 10-2102 (Burns 1956).

fled was seen leaving the shopping center. The license plates on the car were registered to Twyman's wife.)[2]

The only issue presented for review by this appeal is whether the evidence identifying Twyman is sufficient to sustain the conviction.

The identification of a defendant may be established by the uncorroborated testimony of a single witness. *Hendrickson* v. *State* (1973), 260 Ind. 401, 295 N.E.2d 810; *Jordon* v. *State* (1970), 255 Ind. 114, 262 N.E.2d 851; *Dockery* v. *State* (1974), 161 Ind. App. 681, 317 N.E.2d 453.

Wynaker identified Twyman as the man who had passed the forged charge slips. He stated on cross examination that he was positive in his identification. Moreover, his identification is strengthened by permissible inferences which may be drawn from the coincidence of shoe sizes and the registration of the license plate on the departing vehicle to Twyman's wife.

Twyman argues certain "contradictions" in the evidence make Wynaker's identification of Twyman so unlikely that the evidence has no probative value.

The basis for several of the alleged inconsistencies may be found in the testimony of a police officer appearing for the defendant Twyman. The officer testified that on June 13, 1972, he investigated a report of four negro youths who attempted to purchase shoes at the store.

Twyman claims that the officer's testimony conflicts with Wynaker's in that Wynaker had stated that only Twyman was in the store on the 13th. Further, Twyman claims that it is incredible that Wynaker would allow him to make further purchases on the 15th after having reported a forgery on the 13th. We agree that such construction is incredible, but the trial court was entitled to reach a conclusion different

2. Twyman testified that the license plates and the car to which they were registered were stolen in February 1972. However, the record contains no indication that anyone had complained of the license plate theft prior to Twyman's use of the charge card at the shoe store.

than Twyman suggests. The unsuccessful effort to obtain shoes took place on the 15th, not the 13th. (Twyman's transaction was successful on the 13th.) The four negro youths were present on the 15th, not the 13th. That the date was incorrectly stated by the police officer is the only reasonable inference possible from the record.

Twyman alleges that four inconsistent descriptions were given to the police, and only one matched his characteristics. Obviously, the four descriptions were of the four men present on the 15th, and not, as Twyman alleges, incompatible descriptions of a single individual.

Finally, Twyman points out that "his front teeth were dramatically gold capped" and argues that Wynaker's failure to so identify him renders the identification worthless. We first point out that the record contains no evidence that Wynaker did or did not notice the distinguishing feature. Furthermore, the trial court judge observed Twyman on the stand and thus was in a far better position than this court to determine whether the capping was so "dramatic" as to render valueless any identification which did not affirmatively allude to Twyman's gold teeth.

The so-called "inconsistencies" in the record are not so compelling as to destroy the evidentiary value of Wynaker's testimony. *Shropshire* v. *State* (1974), 160 Ind. App. 409, 312 N.E.2d 146. The evidence is sufficient to support the conviction. *See Buckley* v. *State* (1975), 163 Ind. App. 113, 322 N.E.2d 113.

Judgment affirmed.

Buchanan and White, JJ., concur.

NOTE.—Reported at 326 N.E.2d 825.