**Tony Curtis MORGAN,**
**Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 3–579A139.**

Court of Appeals of Indiana,
Third District.

Dec. 6, 1979.

Charles F. Leonard, Fort Wayne, for defendant-appellant.

Theo. L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Appellant Tony Curtis Morgan appeals from his conviction of theft for which he was sentenced for a determinate period of four years imprisonment. Morgan contends that the trial court's denial of defense counsel's motion to withdraw deprived him of his right to counsel of his choice.

The record reveals that Morgan was charged by information on September 28, 1978. On October 4, he was granted a continuance in order to retain private counsel. On October 11, Steve Miller entered his appearance in the case. On October 25, the trial was set for December 19. Six days before the trial, Miller filed a motion to withdraw at Morgan's request. The trial court denied the motion on the grounds that the trial date was less than one week away and Morgan had no other counsel.

We hold that the trial court's denial of the motion for withdrawal did not deprive Morgan of any constitutional right. While it cannot be disputed that the constitution grants an accused in a criminal prosecution an absolute unqualified right to have assistance of counsel for his defense, it does not necessarily follow that his right to a particular counsel is absolute and unqualified. *State ex rel. Shorter v. Allen Superior Court* (1973), 155 Ind.App. 269, 292 N.E.2d 286, *cert. denied* 414 U.S. 1074, 94 S.Ct. 589, 38 L.Ed.2d 480; *U. S. ex rel. Baskerville v. Deegan* (2d Cir. 1970), 428 F.2d 714, *cert. denied* 400 U.S. 928, 91 S.Ct.

193, 27 L.Ed.2d 188. While an accused should have an opportunity to secure counsel of his choice when he is financially able to do so, it is nonetheless imperative that he exercise this right of selection at the appropriate stage of the proceeding. *McCraney v. State* (1979), Ind.App., 388 N.E.2d 283; *Atkins v. State* (1977), Ind.App., 370 N.E.2d 985. The freedom of choice of counsel may not be manipulated to subvert the orderly procedure of the courts or to interfere with the fair administration of justice. *U. S. v. Terry* (5th Cir. 1971), 449 F.2d 727. A trial court, in the exercise of its discretion, may refuse to allow an accused to replace counsel during or immediately before trial because such a substitution would require the court to grant a continuance. *Wombles v. State* (1979), Ind., 383 N.E.2d 1037; *Magley v. State* (1975), 263 Ind. 618, 335 N.E.2d 811.

In the case at bar, it cannot be said that Morgan was denied ample opportunity to secure counsel of his choice. He had been granted a continuance for that purpose on October 4. The trial date had been set almost two months prior to the filing of the motion to withdraw, which was filed a mere six days before the trial was scheduled to begin.

The record does not disclose Morgan's reasons for the attempted discharge; only that the withdrawal motion was filed at his request. However, no question of the effectiveness of counsel is raised. Morgan did not wish to appear pro se but wished to retain substitute counsel. No attorney made an appearance or an offer of availability on his behalf. Thus there was no indication that substitute counsel could be retained and have sufficient time to prepare Morgan's defense without necessitating a delay in the trial. It is apparent from the trial court's holding that the court concluded that a continuance of trial would be required if Miller was allowed to withdraw six days before trial. Under these circumstances we cannot say that the trial court abused its discretion in denying a motion to withdraw which would have required the court to grant a continuance.

Affirmed.

HOFFMAN and STATON, JJ., concur.