**Mark Allen KNIGHT, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3–1081A277.**

Court of Appeals of Indiana, Third District.

June 24, 1982.

George C. Paras, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Mark Allen Knight was convicted at trial by jury of robbery[1] and confinement,[2] both class B felonies. Knight now appeals.

The evidence most favorable to the State discloses that on February 13, 1980, appel-

---

1. IC 1971, 35–42–5–1 (Burns 1979 Repl.).

2. IC 1971, 35–42–3–3 (1981 Burns Supp.).

lant drove another man, Eddie Dean Farris, to the home of Knight's seventy-five year old great-aunt, Anna Rockovich, in Munster, Indiana. After summoning Ms. Rockovich to the door, Farris pushed his way inside the house, whereupon he grabbed her by the neck and then beat her about the head with a metal candlestick. In addition, Farris brandished a knife while demanding money from Ms. Rockovich.

During this time Knight was apparently looking through the house for valuables. Ms. Rockovich testified that throughout this incident Knight avoided turning his face toward her so that positive visual identification was impossible. Once Farris had secured some cash from Ms. Rockovich, however, Knight directed him to lock her in the bathroom. Ms. Rockovich stated that she was then able to identify Knight from his voice.

The Munster Police Department subsequently received information from a confidential informant that implicated Knight in the robbery. After being approached with this information, Knight gave the police a voluntary statement in which he admitted driving Farris to the home of Ms. Rockovich for the express purpose of robbing her, but he denied taking any active part in the actual commission of the crime.

■ Appellant initially contends that the trial court erred in admitting his statement as it constituted neither a confession nor an admission. Knight's statement reads in part as follows:

"Q. How did you get to Munster?

"A. My car, 1969 Buick Electra 225.

  * * * * * *

"Q. Tell me in your own words what you and Farris did at her house on February 13, 1980?

"A. I waited outside while he went inside the house. Then I went inside the porch and stood by the window and listened to what went on.... He went running through the house and he came out about three minutes later and had a bag of change and bottle of whiskey. He handed

me the bottle of whiskey and come [sic] on out the window and we left." *Record* at 182.

It was established in *Parsons v. State* (1975), 166 Ind.App. 152, at 155–156, 333 N.E.2d 871, at 873, that "[a] confession must include all essential elements of the crime, whereas an admission merely admits some fact which tends to connect the defendant with the alleged offense. *Green v. State* (1973), 159 Ind.App. 68, 304 N.E.2d 845." IC 1971, 35–41–2–4 (Burns 1979 Repl.), reads:

"A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:

(1) Has not been prosecuted for the offense;

(2) Has not been convicted of the offense; or

(3) Has been acquitted of the offense."

It was held in *Baker v. State* (1980), Ind., 402 N.E.2d 951, at 953, that:

"It is not necessary for the state to prove that defendant personally committed each and every act involved in the perpetration of the robbery once it was established that he acted in concert with other participants. *Goodlow v. State*, (1973), 260 Ind. 552, 297 N.E.2d 803; *Rickman v. State*, (1974) 161 Ind.App. 54, 314 N.E.2d 108."

Knight's statement was therefore an admission which tended to show that, at the very least, he aided Farris in the commission of the robbery. Thus, it was relevant probative evidence on the issue of Knight's participation, and was properly submitted to the jury.

■ Appellant alleges further error in the admission of his statement as it contains his own reference to a prior crime. The original statement reads in part:

"Q. How did Farris happened [sic] to have picked this particular home?

"A. He knew about it from the last time I done it.

  * * * * * *

"Q. How did Farris know this woman had money in the house?

"A. Because of the last time I robbed it, he knew that I done it, then he knew all about it, I talked to him about it before I went to jail the last time." *Record* at 182.

In *Maldonado v. State* (1976), 265 Ind. 492, at 495, 355 N.E.2d 843, at 846, it was held:

"Evidence showing the commission of other crimes by the accused, separate and distinct from the crime charged, is generally inadmissible to prove the guilt of the accused. *Cobbs v. State*, (1975), 264 Ind., 60, 338 N.E.2d 632; *Layton v. State*, (1966) 248 Ind. 52, 221 N.E.2d 881. Evidence which is otherwise competent and relevant and which tends to prove or disprove a fact in issue is not inadmissible even though it tends to show guilt of another crime, especially if the two crimes are related. *Jenkins v. State*, (1975) 263 Ind. 589, 335 N.E.2d 215."

Knight's statement was not admitted to prove his guilt in the instant cause. Rather, appellant's reference to the prior crime was deemed to be a part of his admission as to how Farris and Knight chose their target. The statement was properly admissible for this purpose. "Evidence that is admissible for one purpose is not rendered inadmissible simply because it coincidently discloses or suggests other criminal activity." *Samuels v. State* (1978), 267 Ind. 676, at 680, 372 N.E.2d 1186, at 1188. Furthermore, "happenings near in time and place which complete the story of the crime are admissible under the theory of *res gestae*." *Brown v. State* (1981), Ind., 417 N.E.2d 333, at 337. The court below made every possible effort to mitigate any prejudice to appellant while still preserving the testimonial integrity of his voluntary admission by deleting the phrase "before I went to jail the last time," and then reading the statement in its entirety to the jury. No error was committed thereby.

■ Appellant next contends the trial court erred when it granted the State's motion for nondisclosure of the confidential informant. In *Rihl v. State* (1980), Ind. App., 413 N.E.2d 1046, at 1052, it was noted that:

"The general policy in Indiana favors nondisclosure of criminal informants unless disclosure is relevant and helpful to the defense or is essential to a fair trial.... The defendant has the burden of showing a need for disclosure." (Citations omitted.)

Appellant has failed to meet this burden. The record reveals that it was during the defense's cross-examination of the investigating police officer that the existence of the informant was first mentioned. The officer testified that some six days after the robbery this informant contacted him by phone and advised that Farris and Knight were possibly involved. With this information, the police were able to put together an array of photographs from which Ms. Rockovich identified Farris as one of the perpetrators. The police then contacted Knight and he gave a voluntary statement. This situation is strikingly similar to that in *Williams v. State* (1981), Ind., 417 N.E.2d 328, at 331, in which it was stated:

"Defendant contends that the 'informant's' identity was necessary for investigative purposes, with a view toward a potential motion to suppress the identifications. We do not agree.

"In this case, the only effect of the information was to prompt the inclusion of Defendant's photograph in an array. The identifications did not in any way hinge upon the credibility of the informant and Defendant could have gained nothing from knowing his identity. *McCulley v. State*, (1971) 257 Ind. 135, 272 N.E.2d 613."

■ Since the court had granted the State's motion for nondisclosure, the defense sought a missing witness instruction. Knight claims it was error for the trial court to deny such instruction. The instruction at issue reads:

"It was particularly in the power of the State of Indiana to produce the confidential informant who could have given material testimony on an issue in the case.

The State of Indiana's failure to call confidential informant may give rise to the inference that his testimony would be unfavorable to it.

"You should bear in mind that the law does not impose a duty on a Defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence." *Record* at 53.

However, instructions of this type are not favored in Indiana. *Hedrick v. State* (1982), Ind., 430 N.E.2d 1150. It has been noted that "[a]n instruction calling for an adverse inference to be drawn from the failure to produce evidence is appropriate only where the evidence withheld is material to the trial issues, and not cumulative." *Hedrick, supra,* 430 N.E.2d at 1154. *See also Bruce v. State* (1978), 268 Ind. 180, 375 N.E.2d 1042, U.S. *cert. den.* 439 U.S. 988, 99 S.Ct. 586, 58 L.Ed.2d 662. In ruling on the State's motion for nondisclosure, the trial judge stated as follows:

"The court at this point cannot see the necessity for disclosing the name of that person. Were he present there is only one circumstance under which he could testify about anything that he told this officer and that is that he had some personal contact with Mark Allen Knight and Mark Allen Knight told him that he did it. He certainly couldn't testify about any conversations he had with Farris or anybody else and therefore substance of his information, I believe, would not be admissible in this trial." *Record* at 217.

In light of the other evidence presented at trial it is apparent that any admissible testimony by the informant would be cumulative. The refusal to give a tendered instruction is not error where such instruction is not supported by the evidence. *Craig v. State* (1980), Ind., 404 N.E.2d 580.

■ Knight also contends that the trial court erred in admitting the State's photographic evidence which was not shown to the defendant prior to trial in accordance with the court's discovery order. It is well established that the proper relief in such situations is the granting of a continuance.

*Cameron v. State* (1980), Ind., 412 N.E.2d 1194; *Upshaw v. State* (1976), Ind.App., 352 N.E.2d 102. The record discloses that the trial judge offered such relief. However, appellant instead chose to proceed with trial and seek exclusion of the evidence. Appellant accordingly waived this issue.

■ Appellant finally asserts that had the trial court resolved the issues discussed above in his favor, the evidence would then be insufficient to support his conviction. Having upheld the judgment of the trial court on all issues, however, we find that there was sufficient evidence of probative value to support the verdict. On appeal we will not reweigh evidence which was properly admitted at trial.

The judgment of the trial court is accordingly affirmed.

Affirmed.

GARRARD, J., concurs.

STATON, J., concurs with opinion.

STATON, Judge, concurring.

The reference to a prior crime by Knight is admissible, but it is not admissible under the res gestae theory as suggested by the Majority Opinion. There is no showing in the record of a common scheme with Farris in the prior crime nor is there any showing of a near approximation in time. However, the admission of the prior crime establishes the fact that Knight, as an accomplice, directed Farris to his seventy-five year old great aunt's house to perpetrate the crime of robbery.