**Kenneth Lewis DANIELS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1080S405.**

Supreme Court of Indiana.

June 30, 1982.

Lawrence O. Sells, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Ivan D. Floyd, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Daniels was convicted in a trial by jury of burglary (Ind.Code Ann. § 35–43–2–1) and received a sentence of imprisonment of twelve years. In this, his first and direct appeal, he challenged court rulings on the admission of fingerprint evidence and the sufficiency of the evidence to convict.

## I.

The proof presented at trial upon which the jury could have based its guilty verdict showed that in September, 1979, Virginia Morley returned to her apartment after a short trip and discovered the pane of glass in her kitchen door broken, and the kitchen floor strewn with glass fragments. The apartment had been torn up, plants uprooted, and the walls written on. A gold wedding band was among the items stolen.

The investigating officers observed that all of the glass had been pulled from the door frame and that there appeared to be fingerprints on both sides of a larger broken segment. Nine prints were removed from broken segments, and three were identified as being made by the right thumb, right index finger and right middle finger of appellant Kenneth Daniels.

A month after the burglary the wedding band which was stolen was turned over to the police by appellant's mother who told them appellant and another person had had the ring and that she had gotten the ring from appellant. She also stated that appellant and another son had committed the burglary.

Appellant contends that the evidence is insufficient because much of it was extremely questionable, contradictory, and hearsay in nature. Proof of the salient facts and events recited above did not consist in substantial part of evidence of a

hearsay nature. Appellant's mother admitted on the witness stand at trial that she had physical possession of the wedding band and turned it over to the police. Those statements and the pre-trial statements attributed to her that she had received the ring from appellant were not hearsay. *Patterson v. State*, (1975) 263 Ind. 55, 324 N.E.2d 482. Direct opinion testimony supported the fact that appellant's fingerprints matched those located on pieces of broken glass at the scene of the crime. The existence of contradictory evidence and of evidence which is shaken at trial raises questions of weight and credibility for the trier of fact. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. On appeal, we find the evidence to be sufficient to warrant the conclusion beyond a reasonable doubt that the appellant broke and entered the victim's apartment with the intent to steal.

## II.

Appellant contends the trial court erred in permitting introduction of State's Exhibits 1, 2, and 3, over his objection that a proper foundation had not been presented showing a proper chain of custody, relevance, and materiality. The foundation requirement is found in *Graham v. State*, (1970) 253 Ind. 525, 255 N.E.2d 652.

Officer Schachte testified that he took cards displaying latent fingerprints, marked at trial as State's Exhibits 1, 2, and 3, from a locked box on the fourth floor of the identification office; compared the lifted prints on them to the inked prints on appellant's fingerprint card which was State's Exhibit 4; and concluded that they belonged to appellant. During this testimony, Exhibits 1, 2, and 3, were admitted into evidence over appellant's said objection.

Prior to the testimony of Officer Schachte, Officer Harris testified that on September 13 he lifted fingerprints onto transparent tape from pieces of broken glass at the victimized apartment. The tapes were then pasted to white fingerprint cards. He then noted on each the time and date, place where taken, type of crime suspected, and the items from which

the latent prints had been lifted. He then signed each card, and gave all cards a common identification number and noted the disposition he made of the cards, which in this case was to deposit them at the identification branch. He then testified that he deposited the cards in a locked box at the identification branch. During the testimony of Harris, certain fingerprint cards were marked for purposes of identification, handed to him by the prosecutor, and described by him in the foregoing manner. However, Harris at no time referred to the cards in hand by exhibit number.

■ Appellant contends that since the fingerprint cards were not referred to by Harris by any exhibit number, his testimony cannot be considered for the purpose of establishing a foundation for the admission later of Exhibits 1, 2, and 3, hence the foundation is inadequate. One purpose in having exhibits marked and referred to at trial as marked, is to create a clear and unimpeachable record that two different witnesses have testified in regard to the same item of evidence. It serves as a bridge between the testimony of separate witnesses. Here, the fact that both Harris and Schachte were referring to the same items, is established through the reference by Harris to the unique notations recorded on each and the appearance on Exhibits 1, 2, and 3, of notations matching those references. The purpose served by marking and proper reference are served in this instance by other means. Therefore, the testimony of Harris in connection with that of Schachte is sufficient to negate the possibility that cards of this sort were tampered with or substituted, and to demonstrate their connection to the crime.

■ Appellant next contends that the testimony of the prosecution's fingerprint expert was erroneously permitted to be given because such witness' qualifications were insufficient. No objection was made challenging the qualifications of the witness, and therefore the issue was not raised in a timely manner, resolved and preserved for appeal. *Maxwell v. State*, (1970) 254 Ind. 490, 260 N.E.2d 787.

Appellant objected at trial to the testimony of the victim that one Officer Wilson had told her that the prints from the door had been determined to be those of appellant. It was apparent from the context that Wilson was not speaking with first-hand knowledge, and that the statements attributed to him might be hearsay, even though Wilson would testify at the trial. Cross-examination of Wilson would not have provided an avenue to challenge the basis for the fact asserted or the credibility of the asserter. However here, the fingerprint expert who made the determination also testified and therefore the confrontation requirement was satisfied. *Patterson v. State, supra.* The trial court ruling was not error.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.