**Albert J. WALTON, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 4-1082A310.**

Court of Appeals of Indiana,
Fourth District.

Sept. 28, 1983.

Rehearing Denied Nov. 7, 1983.

Jim B. Brown, Sendak, Sendak & Luke, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, G. Douglas Seidman, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

After a trial by jury, defendant-appellant Albert J. Walton was convicted of Burglary, a Class C felony. On appeal, Walton argues he was denied his right to be present at trial, as guaranteed by the Sixth Amendment of the United States Constitution, and by Article 1 § 13 of the Indiana Constitution. Because we disagree with this contention, Walton's conviction is affirmed and his request for a new trial is denied.

Walton's assignment of error stems from his absence during jury selection and during the State's presentation of its case-in-chief. There is no dispute that Walton was apprised of the trial date, as both he and his attorney were present in court when the date was set. When Walton failed to appear on the first day of his trial, his attorney told the court he had failed in his attempts to contact Walton and that he had no information regarding Walton's absence. He did state, however, that he had spoken with Walton's mother and that he felt it was likely Walton would eventually make an appearance. The court then instructed the jury that Walton's absence in no way indicated guilt, issued a bench warrant and ordered bond forfeited as Walton failed to appear when his name was called three times in open court.

When the proceedings began *in absentia,* Walton's attorney neither objected nor

made a motion for a continuance. Walton appeared in court on the second day of his trial. When the court asked the defense if it had any announcements to make, Walton neither gave nor offered to give any justification for his absence.

In support of his claim that his Sixth Amendment rights were violated, Walton cites *Gilbert v. State,* (1979) Ind.App., 395 N.E.2d 429. According to Walton's interpretation of that case, trial courts are required to follow a particularized procedure in determining whether a defendant has knowingly and voluntarily waived his or her right to be present at trial. Walton states that part of that procedure includes a *sua sponte* inquiry by the trial court upon the defendant's subsequent arrival. We disagree.

In *Gilbert,* the defendant was initially absent from trial because of a chronic alcohol problem. On appeal, he argued that the trial court was required to make the determination of waiver or voluntary absence before any portion of the trial could proceed *in absentia,* and that said determination could be made only upon the evidence then available. Judge Sullivan stated that additional information concerning waiver may be presented to the court upon the defendant's subsequent appearance and that a reviewing court should look to the totality of the record in deciding if there was a knowing and voluntary waiver of one's right to be present at trial. *Id.* at 431, 432 (citing *People v. Connolly,* (1973) 36 Cal.App.3d 379, 111 Cal.Rptr. 409).

We do not find any valid basis underlying Walton's interpretation of *Gilbert.* We believe that *Gilbert,* in part, stands for the proposition that an absent defendant who later appears in court must be afforded the opportunity to present evidence that the absence was not voluntary. The record clearly reflects the court provided Walton

such an opportunity upon his arrival at trial. Although it is true the court did not directly ask Walton if he had any justification for his absence, it did ask the defense if it had any announcements to make. Walton declined to provide any explanation for his absence.

The *Gilbert* case clearly does not stand for the proposition cited by Walton. Because we have not found any authority which supports his contention, and because Walton has failed to provide any cogent argument in support thereof, we are unpersuaded that the trial court had a duty to question Walton, *sua sponte,* upon his arrival in court.

We further note that if the trial court fails to follow procedure outlined by case law to determine if a defendant has waived his or her right to be present at trial, the court's deviation is not in and of itself error. The crux of the issue is whether there is sufficient evidence of a knowing and voluntary waiver. In this instance, there is a dearth of evidence concerning the reasons for Walton's absence. Walton knew of the trial date and failed to appear. His attorney had no information pertaining to his whereabouts. From this, the court presumed Walton's absence was voluntary and proceeded to conduct the trial *in absentia.*[1] As a waiver of Walton's constitutional right was involved, we question the appropriateness of such a presumption, especially after such a brief inquiry by the court. We cannot, however, allow defendants to set the time or circumstances under which they will be tried. *See Brown v. State,* (1979) Ind. App., 390 N.E.2d 1058; *Broecker v. State,* (1976) 168 Ind.App. 231, 342 N.E.2d 886; *United States v. Tortora,* (2d Cir.1972) 464 F.2d 1202, *cert. denied* 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516. While Walton may have legitimately questioned the sufficiency of evidence upon which the trial

---

1. Several federal courts have stated that where a defendant is absent at the commencement of the trial, the court should balance several factors to determine if it should proceed *in absentia.* *United States v. Benavides,* (5th Cir.1979) 596 F.2d 137; *United States v. Toliver,* (2d Cir.1976) 541 F.2d 958; *United States v. Peter-*

*son,* (4th Cir.1975) 524 F.2d 167, *cert. denied* (1976) 423 U.S. 1088, 96 S.Ct. 881, 47 L.Ed.2d 99, *sub. nom. Frazier v. United States,* 423 U.S. 1088, 96 S.Ct. 881, 47 L.Ed.2d 99 and *Smith v. United States,* 424 U.S. 925, 96 S.Ct. 1136, 47 L.Ed.2d 334. *See also Brown v. State,* (1979) Ind.App., 390 N.E.2d 1058.

court found he knowingly and voluntarily waived his right to be present at trial, Walton did not include, either in his motion to correct errors or in his brief to this court, any explanation for his absence on the first day of trial. Therefore, the issue is accordingly waived. *Shepler v. State,* (1980) Ind., 412 N.E.2d 62.

Affirmed.

CONOVER, P.J., and MILLER, J., concur.