RALPH O. JONES *v.* STATE OF INDIANA.

[No. 3-773A91. Filed August 13, 1974. Rehearing denied October 22, 1974. Transfer denied March 7, 1975.]

*Peter J. Nemeth, Nemeth & Nemeth,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

PER CURIAM.—Defendant was convicted of reckless homicide and involuntary manslaughter as a result of his operation of an automobile.

At trial, the defendant objected to evidence of the result of a blood alcohol analysis. In his prefacing testimony the state's expert stated that the device used for the test, a gas chromatograph, had not been certified by the state department of toxicology or "approved *per se* by Dr. Forney" (the head of the department).

While defendant's objection contained several alternative grounds, it asserted the equipment used to perform the test

was not approved or certified as required by Indiana's implied consent statute, IC 1971, 9-4-4.5 (Burns Code Ed.).

That statute was adopted by our legislature to promote the use of chemical tests in drunken and drugged driving offenses. However, a stricture was imposed. IC 1971, 9-4-4.5-6 (Burns Code Ed.) provides in part.

> "The director of the state department of toxicology . . . is hereby authorized and empowered to adopt the necessary rules and regulations . . . to provide for the periodic inspection of chemical devices. No chemical test for intoxication shall be considered as evidence for the purpose of this chapter if it is not performed by a person certified as a valid operator . . . and no equipment shall be used for such chemical tests *which has not been inspected and approved under the rules and regulations adopted* by such department. Rules and regulations promulgated pursuant to IC 1971, 9-4-4-3 [repealed] are hereby preserved . . . and may be amended . . ." (our emphasis)

In addition, Rule 2 of the Department of Toxicology (Burns Admin. R. & R. [47-2003h]-2)[1] requires that all chemical devices (A) be inspected at least once each year; and (B) be certified at least once each year.

We need not decide whether certification of devices *per se* has thus become a requirement to producing an admissible test result. It certainly is not mandated by the statute. The statute does mandate that the device be inspected and approved under the rules and regulations adopted by the department of toxicology. This the state failed to establish. The test result was therefore inadmissible.

Furthermore, the facts here must be distinguished from those present in the recent decision in *Klebs* v. *State* (1974), 159 Ind. App. 180, 305 N.E.2d 781. In *Klebs* other substantial evidence of the driver's intoxication permitted the verdict to stand despite erroneous admission of the blood alcohol test.

---

1. Adopted April 6, 1970. This is one of the rules expressly preserved by the statute.

Here the only other evidence bearing on defendant's intoxication was testimony of the smell of intoxicants. Since such testimony would not support a finding of intoxication, the error in admitting the test result cannot be considered harmless.

The judgment is reversed.

NOTE.—Reported at 315 N.E.2d 403.