WILLIE SAMUELS *v*. STATE OF INDIANA.

[No. 677S439. Filed March 3, 1978.]

*Thomas D. Ryan,* of East Chicago, for appellant.

*Theodore L. Sendak,* Attorney General, *Dennis K. McKinney,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted, in a trial by jury, of Committing a Felony (Robbery) While Armed and was sentenced to twenty years imprisonment. His appeal presents two issues:

(1) Did the trial court err in admitting into evidence a written statement given to the police by the witness, shortly after the defendant's arrest?

(2) Was the court's failure to declare a mistrial, sua sponte, following a disclosure that the defendant had been involved in prior criminal activity unrelated to the crime charged, fundamental error, which the defendant can raise for the first time on appeal?

The evidence disclosed that a man answering the general description of the defendant, in company with others, committed an armed robbery, by driving an automobile against the automobile of the victims and then accosting them with a gun. Two hours later, the defendant, his sixteen year old brother, and two young women were arrested at a road block, after having fled from the police officer who had signaled them to stop. They were in the same vehicle that had been used to effect the crime. One of the women was

armed with a pistol which was identified as looking like the one used in the robbery.

The defendant's brother, while in police custody, gave a written statement to the police which incriminated the defendant. At trial, while testifying as a State's witness, he surprised the prosecutor by being uncooperative and evasive in response to questions concerning the robbery. He admitted having been with the defendant at the time the robbery occurred but said that he was asleep, which was in direct conflict with the written statement. The court permitted the prosecutor to cross examine the witness, and the foundation for his impeachment followed.

## ISSUE I

When the prosecutor offered the impeaching prior written statement, the defendant objected upon the grounds that it was hearsay. In this appeal, however, he charges that the trial court erred in admitting the prior written statement as *substantive evidence,* a charge which the record does not bear out. Hearsay has been defined as an out-of-court statement repeated in court to establish the truth of the matter contained therein. *Madison v. State,* (1971) 256 Ind. 353, 269 N.E.2d 164; *Jethroe v. State,* (1974) 262 Ind. 505, 319 N.E.2d 133. The out-of-court statements in this case, however, were offered as impeaching evidence, i.e. for the purpose of showing that the witness had previously made statements inconsistent with his testimony and thus to discredit him.

The defendant here attempts to put the question in the context of *Patterson v. State,* (1975) 263 Ind. 55, 324 N.E.2d 482; and he asked us to overrule that case. The *Patterson* decision has been both praised and condemned by knowledgeable lawyers, judges and writers. (See Seidman, The Law of Evidence in Indiana, p. 35 supporting new rule and, to the contrary, the unpublished notes to the lecture of Dean William F. Harvey, entitled "New Developments in Civil Procedure and

Evidence," presented at the 1977 Indiana Judicial Conference.)

It appears that the rule drawn from *Patterson* may well be in need of reconsideration. To the extent that it has, on some occasions, been used to support the admission of out-of-court statements as a mere substitute for available in-court testimony, it has been misapplied. That, however is not the question before us. It is clear that the prior written statements of the defendant's brother were admissible for impeachment purposes and were, in fact, admitted for that purpose. Whether or not the jury was entitled to consider them as substantive evidence, is another question—a question the defendant insists was erroneously decided in the *Patterson* case. Even assuming that *Patterson* was decided erroneously, however, the defendant has presented no error in his case. At most, he would have been entitled to have the jury admonished against considering the evidence for purposes other than impeachment—relief of questionable value, but such was not requested.

We note, additionally, that the defendant's motion to correct errors was deficient, in that it was general only and was not accompanied by any statement of facts upon which it was based. A mere statement that the trial court committed error by admitting inadmissible evidence does not comport to the requirements of Trial Rule 59 (B) and presents nothing for consideration.

## ISSUE II

In laying the foundation for the impeachment hereinbefore discussed, the prosecutor read from the witness' prior statement revealing that the witness had said, with reference to identification of the gun, "Yes, at home and it is the same gun Willie (the defendant) used on the stickups on 9/14/76." The defendant contends not only that this reference to his involvement in unrelated crimes

mandated a mistrial declaration but also that it should have been declared, notwithstanding that no motion therefor was made by him, and further that such failure by the court should be regarded as fundamental error which we should review, notwithstanding that it was not presented to the trial court. We disagree upon all three counts but need respond only to the first.

It is correct that, with limited exceptions, evidence of unrelated criminal activity of a defendant is not admissible. *Burns* v. *State,* (1970) 255 Ind. 1, 260 N.E.2d 559 and cases there cited. It is also correct that a deliberate and unjustifiable placing of such evidence before the jury may, under some circumstances, be grounds for a mistrial. *White* v. *State,* (1971) 257 Ind. 64, 272 N.E.2d 313. However, it is not every such revelation that warrants such action, and there are exceptions to the general rule of admissibility. Evidence that is admissible for one purpose is not rendered inadmissible simply because it coincidently discloses or suggests other criminal activity. At the most, under the circumstances of this case, the defendant would have been entitled to have the court admonish the jury against considering the statements as evidence of his involvement in other crimes, or as evidence bearing upon his guilt or innocence of the crime charged.

We find no error, and the judgment of the trial court is affirmed.

Givan, C.J., Hunter and Pivarnik, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 372 N.E.2d 1186.