James BOOTHE, Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 4-182A22.

Court of Appeals of Indiana,
Fourth District.

Sept. 13, 1982.
Rehearing Denied Nov. 18, 1982.

Michael E. Hunt, Public Defender, Ruth M. Acheson, Bloomington, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Stephan E. Wolter, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

James Boothe (Boothe) appeals his jury conviction for Operating a Vehicle While Intoxicated, a class D felony due to a prior conviction for the same offense. We affirm.

ISSUES [1]

1. Is the State required to place into evidence the approved techniques for the operation of a breathalyzer before the test results are admissible?

---

1. The issues have been consolidated and re-numbered for clarity.

2. Must the operation of a vehicle while intoxicated occur on a public highway in order to constitute a violation of Ind.Code 9–4–1–54 (Supp.1981)?

3. Was there sufficient evidence to sustain the verdict?

4. Did the trial court err by admitting into evidence the breathalyzer operator's opinion as to the amount of alcohol necessary to bring a 150 pound person to .20% blood alcohol content?

5. Did the trial court err by admitting into evidence exhibits which included references to prior irrelevant criminal convictions and sentences?

6. In the second stage of the bifurcated proceeding, regarding the existence of a prior conviction, did the trial court err in instructing the jury that it could consider any evidence presented in the first stage, regarding the latest offense?

7. In the second stage of the bifurcated proceeding, did the trial court err by refusing to reinstruct the jury concerning the judging of the law, the credibility of witnesses and weighing of evidence, and the requirement that the verdict be unanimous?

FACTS

The evidence most favorable to the verdict is that on January 9, 1981, at approximately 12:30 a. m., Boothe was seen operating a motor vehicle in a city parking lot in Bloomington. When Officer James Haverstock blocked the lot's exit with his squad car, Boothe and his passenger got out of their vehicle. Boothe's eyes were bloodshot and watery, his response to Haverstock's directions slow and his breath smelled strongly of alcohol. He swayed back and forth when asked to stand upright, had difficulty touching his nose with his forefinger, and was unable to walk a straight line.

Officer Haverstock took Boothe to the Bloomington Police Station and administered a breathalyzer test. The test resulted in a reading of .20% blood alcohol. Boothe

was charged with Operating a Vehicle while Intoxicated, a class D felony because he had a prior conviction for the same offense.

At trial, Officer Haverstock testified he was a certified breathalyzer operator, had over 48 hours of training in the operation of the breathalyzer and had performed between 75 and 100 tests. He testified the breathalyzer and chemicals used in Boothe's test were certified by the Department of Toxicology of Indiana University School of Medicine and that he performed the test in accordance with the techniques required by that Department. Copies of documents from the Department of Toxicology certifying Officer Haverstock as a qualified breathalyzer operator and the chemicals and equipment used were admitted into evidence.

The jury found Boothe guilty of Operating a Vehicle While Intoxicated. In the second stage of the bifurcated proceeding, the jury found Boothe had been previously convicted of Operating a Vehicle While Intoxicated. Boothe was sentenced to 2 years in prison, with all but 6 months suspended, a $2,000 fine, and a suspension of all driving privileges for 2 years.[2]

Boothe appeals his conviction.

DISCUSSION AND DECISION

### I.

### ADMISSION OF APPROVED TECHNIQUES

Boothe argues there was an insufficient foundation to admit the results of the breathalyzer test and the video tape recording made of the test because no certified copy of the document outlining the required procedures for a breathalyzer test as approved by the Department of Toxicology at Indiana University School of Medicine was offered as evidence by the State. We agree.

■ In order for the results of a breathalyzer test to be admissible, three foundational elements must be proven:

---

2. In addition, the State's petition to revoke his probation for the previous conviction was granted and the 1 year sentence ordered into

execution, with credit being given for the 30 days served. The sentences for the two convictions were to run consecutively.

"1. The test was administered by an operator certified by the department of toxicology;

2. The equipment used in the test was inspected and approved by the department of toxicology, and

3. The operator used techniques approved by the department of toxicology." [3]

*Klebs v. State,* (1974) 159 Ind.App. 180, 183, 305 N.E.2d 781, 783, *cert. denied,* (1974) 419 U.S. 869, 95 S.Ct. 127, 42 L.Ed.2d 107. *See also Denman v. State,* (1982) Ind.App., 432 N.E.2d 426; *Hartman v. State,* (1980) Ind. App., 401 N.E.2d 723.

■ At trial, the officer testified:

Mr. Morrison: Officer Haverstock, is the routine procedure that you use in administering the test the same ones that were given you by the Department of Toxicology in their instructions and (indiscernible)?

. . . .

Officer Haverstock: Yes, Those were the procedures that I followed.

Boothe argues this evidence is an insufficient foundation upon which to base admission of the breathalyzer results. The State must offer a copy of the document setting out the approved procedures for it to be sufficient. Officer Haverstock's statement was a mere assertion he believed the approved procedures were followed. Such statement was insufficient to prove what the approved procedures were, Boothe opines. We agree.

In *Klebs v. State,* (1974) 159 Ind.App. 180, 305 N.E.2d 781, *cert. denied,* (1974) 419 U.S. 869, 95 S.Ct. 127, 42 L.Ed.2d 107, the court of appeals held there had been an insufficient foundation laid for the admission of the breathalyzer test results at trial. In discussing the evidence on the three elements of foundation, Robertson, P. J., speaking for the court said:

We cannot conclude, as a matter of law, that the State sustained its burden in establishing a foundation for admission of

the results of the breathalyzer test. There was a fatal evidentiary absence germane to each of the three requirements. There was no evidence to show the operator was certified within the two years prior to administering the test in the instant case as required by the rules prescribed by the department of toxicology. The operator's testimony said by the State to establish the machine's inspection and approval was as follows:

"Q. Did you know of your own knowledge of its inspection and operating efficiency?

A. Yes.

Q. Would you state to the Court the degree of operating efficiency of the machine that you used and of which you are testifying about. Or perhaps instead of efficiency I should say accurancy (sic).

A. Plus or minus. I can't answer that."

We are of the opinion that this testimony falls short of establishing that the machine used to test Klebs had been properly inspected by the department of toxicology. Lieutenant Awe described the technique used to administer the test in response to a preliminary voir dire by Klebs' counsel, however, the record is devoid of any evidence to establish that the procedure described resembled the procedure approved by the department of toxicology.

*Id.* at 184, 305 N.E.2d at 783–84. This holding is supported by the decision in *Hartman v. State,* (1980) Ind.App., 401 N.E.2d 723 where the court per Hoffman, J. held:

"Having reviewed the entire record it must be concluded that the State failed to satisfy the third requirement. While the video tape portrays the technique utilized by Collins to administer the test, the record is devoid of any evidence establishing that the procedure utilized resembled the procedure approved by the Department. Hence, the test results were inadmissible."

**3.** These elements have been paraphrased and distilled from the mandates of Ind.Code 9–4–4.-5–2, –6 (Supp.1981) and 260 Ind.Admin.Code 1–3–1.

*Id.* at 725. We also note the case at bar is distinguishable from *Denman v. State*, (1982) Ind.App., 432 N.E.2d 426. There the document outlining the approved procedures was admitted into evidence.

Based on the rationales of these cases, we hold in the case at bar there was an insufficient foundation laid by the State to admit the breathalyzer test results and the video tape of the test. The State failed to show the operator used approved methods because there was no evidence as to what the approved methods were.[4] Without this evidence, the court cannot make a proper judgment as to the admissibility of the breathalyzer test results.

The State argues the approved techniques question is one of weight of the evidence, not admissibility, citing the cases of *Collins v. State*, (1981) Ind.App., 422 N.E.2d 1250, and *Sutton v. State*, (1981) Ind.App., 422 N.E.2d 430. These cases are distinguishable. They deal with the necessity of connecting the evidence with the defendant.

The appropriate authorities here are the *Klebs*, (1974) 159 Ind.App. 180, 305 N.E.2d 781, and *Hartman*, (1980) Ind.App., 401 N.E.2d 723, cases which deal specifically with the required foundation for admission of breathalyzer test results. In those cases, the court held the insufficiency of the foundation went to the admissibility of the test results not weight.

Even though the test results were improperly admitted, there was substantial evidence of probative value to support the verdict. Officer Haverstock testified he noticed from ten feet away that Boothe had bloodshot, watery eyes, and Boothe's breath smelled strongly of alcohol. Boothe responded very slowly to orders or instruc-

tions, was unable to stand upright without swaying back and forth, had difficulty in touching his nose, and was unable to walk a reasonably straight line. This is sufficient evidence of intoxication.

## II.

### OPERATION ON PUBLIC HIGHWAY NOT REQUIRED

■ Boothe argues the trial court erred in refusing to give his tendered instructions setting out the requirement that a person must operate a vehicle on a public highway while intoxicated in order to be found guilty of violating IC 9–4–1–54.[5] We disagree.

The issue of whether the operation of the vehicle while intoxicated must be on a public highway was discussed and decided in *State v. Carter*, (1981) Ind.App., 424 N.E.2d 158. The court in *Carter* held that since the current version of the statute does not include the words "on a public highway", that requirement was eliminated. Further, Ind. Code 9–4–1–22 (Supp.1981) provides IC 9–4–1–54 shall apply "upon highways and elsewhere throughout the state."

The operation of a vehicle while intoxicated need not occur on a public highway for there to be a violation of this statute. The trial court did not err by refusing to give Boothe's tendered instructions since they were contrary to law.

## III.

### SUFFICIENCY OF THE EVIDENCE

Boothe argues the evidence is insufficient to support the verdict because the State did not prove he operated a vehicle on a public

---

**4.** For examples of sister states which have adopted a similar approach, *see Iowa v. Hansen*, (Iowa 1972) 203 N.W.2d 216 ("The officer's bare conclusion that he did so [follow the procedures] is insufficient." *Id.* at 223.); *Louisiana v. Jones*, (La.1975) 316 So.2d 100 ("[M]ore than . . . [a] vague reference to some procedure or technique, . . . is necessary." *Id.* at 103–04).

**5.** IC 9–4–1–54 provides in part:

"(b) A person who operates a vehicle while intoxicated commits a Class A misdemeanor. However, the offense is a Class C felony if it results in the death of another person and is a Class D felony if:

(1) the person is also charged in the indictment or information with having a previous conviction under this section, if that previous conviction occurred after June 30, 1978;

. . . ."

highway while intoxicated. As already discussed, the State did not have to prove Boothe was driving on a public highway. The evidence was sufficient to support the verdict.

## IV.

### OPINION EVIDENCE

Next, Boothe argues the trial court erred by admitting into evidence the breathalyzer operator's opinion as to the amount of alcohol necessary to bring a 150 pound person to .20% blood alcohol content. Boothe claims there was an insufficient foundation to establish the requisite expertise of the witness and the reliability of the mathematical formula used. We agree.

█ In order for a witness to qualify as an expert, two requirements must be met. First, the subject-matter of the expert's opinion must be so distinctly related to some science, profession, business or occupation as to be beyond the knowledge of the average layperson. Secondly, the witness must have sufficient skill, knowledge or experience in the field to make it appear that the witness's opinion or inference will probably aid the trier of fact in the search for truth.

*City of Indianapolis v. Robinson*, (1981) Ind. App., 427 N.E.2d 902, 904–05 (citations omitted). In *Robinson*, the trial court permitted an expert to render an opinion in response to a hypothetical question based on automobile accident reconstruction. We held that was not an abuse of discretion due to the expertise of the witness.

█ Here, however, Officer Haverstock did not have sufficient qualifications to make him an expert able to render an opinion based on this formula. Its application is based on mathematical and physiological principles requiring specialized knowledge in order to evaluate individual characteristics, such as alcohol absorption, dissipation rates, and their affect on the amount of alcohol necessary to reach a certain level of intoxication. While a physician or chemist may have that knowledge, Officer Haverstock had only 48 hours of training on the breathalyzer's operation, was a certified breathalyzer operator and merely had been told about the formula and its meaning. Such training did not give him the expertise or special knowledge necessary to render an opinion based on the formula.

Furthermore, the State did not satisfy its burden to prove the reliability of the formula in general or in particular as to Boothe. The burden is on the State to prove reliability, not on the defendant to prove unreliability. At trial, the State presented no evidence concerning the formula's reliability. Without that information, the court could not properly determine whether the formula was as unreliable as polygraph examinations, *Vacendak v. State*, 264 Ind. 101, 340 N.E.2d 352, *cert. denied* (1976) 429 U.S. 851, 97 S.Ct. 141, 50 L.Ed.2d 125, or hypnotic sessions, *Strong v. State*, (1982) Ind., 435 N.E.2d 969 and therefore inadmissible, or whether it was admissible due to its wide acceptance as accurate, similar to the trace metal detection technique, *Reid v. State*, (1978) 267 Ind. 555, 372 N.E.2d 1149, or neutron activation analysis, *Jones v. State*, (1981) Ind., 425 N.E.2d 128.[6] Therefore, it was error to admit the testimony here regarding the formula.

However, this error was harmless. As discussed above, there is sufficient independent evidence of Boothe's intoxication to sustain the conviction.

## V.

### PRIOR CRIMINAL CONVICTIONS

Boothe claims the trial court erred by admitting into evidence exhibits which included references to prior irrelevant criminal convictions and sentences. We disagree.

---

**6.** While our Supreme Court has held the reliability goes only to the weight of the evidence when the expert is otherwise qualified, *Rowan v. State*, (1982) Ind., 431 N.E.2d 805, that rule does not apply here where the expert was not otherwise qualified.

In the second stage of this bifurcated proceeding,[7] the prosecutor placed documents into evidence in order to prove Boothe had been convicted previously for this same crime. Generally, evidence of prior criminal convictions is inadmissible to establish guilt of the defendant unless it is relevant to show intent, motive, purpose, identification, or common plan or scheme. *Grey v. State*, (1980) Ind., 404 N.E.2d 1348, 1352. However, "[e]vidence that is admissible for one purpose is not rendered inadmissible simply because it coincidently discloses or suggests other criminal activity." *Samuels v. State*, (1978) 267 Ind. 676, 680, 372 N.E.2d 1186, 1188. *See also Armstrong v. State*, (1980) Ind., 412 N.E.2d 1207. Boothe admits the evidence here "tended to show that the Defendant had previously been convicted of Operating a Vehicle While Intoxicated." This evidence was admissible. It is not inadmissible merely because it refers to other criminal activity.

Furthermore, the court in *Samuels* held that due to the admission of such evidence, "[a]t the most, under the circumstances of this case, the defendant would have been entitled to have the court admonish the jury against considering the statements as evidence of his involvement in other crimes, or as evidence bearing upon his guilt or innocence of the crime charged." *Samuels* 267 Ind. at 680, 372 N.E.2d at 1188. In this case, the court properly admonished the jury to ignore the irrelevant information. There was no error here.

## VI.

### CONSIDERATION OF PRIOR EVIDENCE

Next Boothe alleges the trial court erred in giving an instruction to the jury in the second stage of the bifurcated proceeding which stated the jury could consider any evidence presented in the first stage of the proceeding regarding guilt of the latest offense. We find it was error to give that instruction, but the error was harmless.

At trial, Boothe objected to this instruction claiming it permitted the jury to consider irrelevant evidence.[8] The State argues if giving the instruction was error, it was harmless.

We agree with Boothe the vast majority of the evidence presented in the first stage of the proceeding was irrelevant to a determination in the second. However, the burden is on Boothe to show prejudice. *Roberts v. State*, (1977) 266 Ind. 72, 360 N.E.2d 825. This he has not done. On the contrary, here the State offered uncontradicted evidence of Boothe's prior conviction. This evidence was "so convincing that a jury could not properly find against it." *Carter v. State*, 266 Ind. 140, 145, 361 N.E.2d 145, 148, *cert. denied* (1977) 434 U.S. 866, 98 S.Ct. 202, 54 L.Ed.2d 142. *See also Vann v. State*, (1980) Ind.App., 407 N.E.2d 1165. This error was harmless beyond a reasonable doubt.

## VII.

### REINSTRUCTION OF THE JURY

Lastly, Boothe contends the trial court erred by refusing to reinstruct the jury in the second stage of the bifurcated proceeding regarding the judging of the law, the credibility of witnesses and weighing of evidence, and the requirements that the verdict be unanimous. We disagree.

Ind.Rules of Procedure, Criminal Rule 8(F) requires the trial court to instruct the jury regarding "the issues for trial, the burden of proof, the credibility of witnesses, and the manner of weighing the testimony to be received" when it is sworn. In this case, the jury was sworn at the beginning of the first stage in the proceeding. The record does not reveal nor does Boothe argue the jury was re-sworn at the beginning of the second stage.

---

7. In the first stage, the jury found Boothe guilty of Operating a Vehicle While Intoxicated. In the second stage, it was to determine whether he had previously been convicted of the same crime.

8. While the trial court judge agreed that 99% of the prior evidence was irrelevant, he held that some of the evidence, concerning identification, etc., was relevant and therefore ruled the instruction was proper.

The State argues Boothe was not prejudiced by the court's refusal to re-read the instructions because no witnesses were presented in the second stage of the proceeding. Only certified documents were introduced. Also, the verdict was unanimous. Furthermore, while the trial court did not re-read these instructions to the jury, it did send those instructions into the jury room with it.

Boothe neither cites us law nor argues it was error to refuse to read the instruction on unanimity. Thus, this issue is waived. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

Judgment affirmed.

MILLER, J., concurs.

YOUNG, P. J., concurs in result.