Robert JOHNSON a/k/a Rick Johnson, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 4–1082A314.

Court of Appeals of Indiana, Fourth District.

Sept. 15, 1983.

---

J. Keith Jackson, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

After a trial by jury, Robert Johnson was convicted of Criminal Trespass, Battery, and Attempted Rape. On appeal, he raises the following issues:

1. Whether the evidence was sufficient to support the conviction for Attempted Rape;

2. Whether the court erred in denying Johnson's motion for a mistrial based on prosecutorial misconduct;

3. Whether the trial court erred in ruling that the State could cross-examine Johnson concerning his prior battery convictions if he took the stand;

4. Whether the court erred in granting the State's motion in limine to exclude evidence of the victim's reputation;

5. Whether the court erred in admitting the victim's prior out-of-court statement into evidence; and

6. Whether the court erred in not permitting Johnson to make an offer of proof in the form of direct testimony.

We affirm in part and reverse in part.

I.

Johnson first argues that there was insufficient evidence to support his conviction for Attempted Rape.[1] Specifically, he claims there was insufficient evidence that he intended to rape the victim or that he took a substantial step toward committing rape. In reviewing sufficiency of the evidence, we neither weigh the evidence nor evaluate the credibility of the witnesses. We consider only the evidence most favorable to the State together with all logical and reasonable inferences therefrom, and we will uphold the trial court's findings if there is substantial evidence on each element of the crime charged from which the trier of fact might reasonably infer guilt beyond a reasonable doubt. *Biggerstaff v. State,* (1982) Ind.App., 435 N.E.2d 621; *Lottie v. State,* (1974) 262 Ind. 124, 311 N.E.2d 800.

The facts of this case, as established by testimony from the victim and her grandson, are virtually undisputed. The defendant came to the victim's door, was let in by her grandson, and asked her to take him to get gasoline. When she refused, he grabbed her crotch and her breast. He attempted to pull her to the floor, tugging at her jeans with one hand while putting his other hand under her blouse and pulling up her bra. The victim testified that, at one point, Johnson was pulling at her jeans with one hand and had "his other hand at his pants." Johnson released her and fled only after the victim's grandson began hitting him with a broom. Some months after this attack, Johnson told a psychologist that he went to the victim's house because he had heard she was promiscuous and he

---

1. Johnson also claims the trial court erred in denying his motion for a directed verdict. Johnson waived this issue, however, by presenting evidence after his motion was denied. *Miller v. State,* (1978) 267 Ind. 635, 372 N.E.2d 1168.

wanted to "get a little." Although this evidence is not overwhelming, the jury could reasonably infer from it that Johnson intended to rape the victim. Further, by gaining entry to the victim's house, pulling her down, and trying to remove her clothes, Johnson took a substantial step toward committing rape. These facts are very similar to those in *Dilworth v. State,* (1981) Ind., 425 N.E.2d 149. In *Dilworth,* the supreme court found sufficient evidence of attempted rape where the defendant attacked the victim in an elevator, ripped open her blouse and slacks, and fell across her. The evidence was sufficient in this case to support the jury's verdict.

## II.

Next, Johnson claims the court erred in denying his motion for a mistrial on the basis of prosecutorial misconduct. In closing argument, the prosecutor made the following comments: [2]

> It bears on that initial question that I said to you folks when you first were selected as jurors and I asked many of you do you think a person has a right to feel safe in their own home. And you remember what Mr. Smith's response to that was? I wrote it down and I think we were—I think he was talking here with Mr. Miller perhaps. Talking about—using his example of the guy breaking into your house and you shooting him and this type of thing. Mr. Smith said well, bearing arms—the right to be safe in your own home, that's irrelevant. Now isn't that a fine state of affairs. We all know that in criminal law the job of the defense attorney is to get his client off. The job of the defense attorney is to bring out all of the insignificant facts. Bring out all of the legal technicalities and exercise the rights of that Constitution for his client. You remember all the objections in this case. Remember the things that I attempted to introduce and they were sustained on his objection. He's exercising his right. What about the rights of each and every

> one of you to be safe in your home. How about you Mr. Kirby? Do you want your wife to be raped in her own house? Do you want to come home and find your wife has been attacked?

Johnson's attorney objected to these remarks and moved for a mistrial. The court denied the motion and directed the prosecutor to continue his argument. From this action and from the court's failure to admonish the jury or restrain the prosecutor, it seems that the court was overruling Johnson's objection.

◼ In reviewing this ruling, we must determine (1) whether the act in question was misconduct and (2) whether the act placed the defendant in a position of grave peril. *Maldonado v. State,* (1976) 265 Ind. 492, 355 N.E.2d 843; *Roberts v. State,* (1981) Ind.App., 419 N.E.2d 803. In this case, the prosecutor's argument was improper in several ways. Further, we are persuaded that this misconduct placed Johnson in a position of grave peril, so that the court erred in denying his motion for a mistrial.

◼ The prosecutor stated that a defense attorney's job is to "get his client off" by bringing out "insignificant facts" and "legal technicalities." Our courts, finding no grave peril, have held that such remarks do not always mandate a mistrial. *Hubbard v. State,* (1974) 262 Ind. 176, 313 N.E.2d 346; *Drossos v. State,* (1982) Ind.App., 442 N.E.2d 1. Nevertheless, such comments are irrelevant to the issues to be decided by the jury and should not be allowed. *See Craig v. State,* (1977) 267 Ind. 359, 370 N.E.2d 880 (holding prosecutor's statement that he had duty to all society, including accused, while a correct statement of the law, was unfair and "highly improper."). Further, the prosecutor asked the jury to remember the evidence that was excluded on the defendant's objection (a reference to a post-arrest interrogation of Johnson). By this remark, the prosecutor implied that he had additional inculpatory evidence, which the defense attorney had kept from the jury on "techni-

**2.** The Mr. Smith referred to was Johnson's attorney. Mr. Miller and Mr. Kirby were jurors.

cal" grounds in order to "get his client off." It is clearly misconduct for a prosecutor to imply that he possesses evidence not known to the jury indicating that the defendant is guilty of the crime charged. *Merritte v. State,* (1982) Ind., 438 N.E.2d 754; *Marsh v. State,* (1979) 271 Ind. 454, 396 N.E.2d 883.[3]

 The prosecutor's other comments were equally improper. By stressing the jurors' right to be safe in their own homes and asking one juror if he wanted his wife to be raped, the prosecutor was appealing to the jurors' fears and asking them to convict Johnson, not because he was guilty, but because he was dangerous. It is misconduct to phrase final argument in a manner calculated to inflame the passions or prejudices of the jury, *Limp v. State,* (1982) Ind., 431 N.E.2d 784, or to ask a jury to convict a defendant for any reason other than his guilt. *Maldonado v. State, supra.*[4] ABA Standards for Criminal Justice, The Prosecution Function § 5.8(d). Even more improper here was the prosecutor's act of singling out juror Kirby and playing on his individual fears for his wife's safety. Courts discussing such arguments have held that, because a juror is especially likely to be influenced by a direct appeal to his or her individual fears or prejudices, it is clearly improper to address individual jurors by name in closing argument. *E.g., People v. Davis,* (1970) 46 Ill.2d 554, 264 N.E.2d 140; *Aponte v. State,* (1959) 30 N.J. 441, 153 A.2d 665; *see Bessette v. State,* (1885) 101 Ind. 85; *see also* annot. 55 A.L.R.2d 1198.

 The question remaining is whether the prosecutor's misconduct in closing argument placed Johnson in a position of grave peril. *See Maldonado, supra.* The existence of grave peril "is determined by the probable persuasive effect of the miscon-

duct on the jury's decision. . . ." *Id.* at 499, 355 N.E.2d at 848. This does not mean, however, that the defendant must conclusively prove he would have been acquitted, absent the improper argument. *White v. State,* (1971) 257 Ind. 64, 272 N.E.2d 312. Rather, we must reverse where the evidence is close and the court does not counter the persuasive effect of the prosecutor's prejudicial remarks by admonishing the jury to disregard them. *Adler v. State,* (1961) 242 Ind. 9, 175 N.E.2d 358; *Flynn v. State,* (1978) 177 Ind.App. 360, 379 N.E.2d 548.

In this case, we are persuaded that the prosecutor's improper argument probably had a persuasive effect on the jurors. Although the evidence of Battery and Criminal Trespass was overwhelming, the evidence of specific intent supporting the Attempted Rape conviction was close. Thus, by implying that he had additional inculpatory evidence and by playing on the jurors' individual fears, the prosecutor impermissibly tipped the scales in his favor. Because the court did not admonish the jury to disregard these improper statements, leaving the damage uncorrected, Johnson was placed in a position of grave peril as to the Attempted Rape charge. The trial court erred in denying Johnson's motion for a mistrial.

### III.

 Johnson next contends that the court erred in ruling that the State could cross-examine him concerning prior misdemeanor battery convictions if he took the stand. This contention is without merit. The court's only ruling on this issue was in response to Johnson's motion in limine.

---

3. *See* Code of Professional Responsibility, DR 7-106(C)(3):

 (c) In appearing in his professional capacity before a tribunal, a lawyer shall not:

 • • • • •

 (3) Assert his personal knowledge of the facts in issue, except when testifying as a witness.

4. *See* ABA Standards for Criminal Justice, The Prosecution Function § 5.8(c)–(d):

 (c) The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury.

 (d) The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict.

The denial of a motion in limine is not reversible error where, as here, the challenged evidence was never admitted or alluded to before the jury. *Bennett v. State,* (1981) Ind., 423 N.E.2d 588. The crux of Johnson's argument is that this ruling discouraged him from taking the stand, thus violating his right to present evidence. Johnson presents no authority for reversal on this basis, however, and we are aware of none.

### IV.

Next Johnson contends the court erred in granting the State's motion in limine to exclude evidence of the victim's reputation and prior sexual conduct. Generally, any error in granting such a motion is waived where the defendant makes no effort to introduce the excluded evidence at trial. *Smith v. State,* (1981) Ind., 426 N.E.2d 364. A search of the record shows that Johnson never attempted to introduce such evidence at trial.[5] Thus, no error is preserved for review.

### V.

Johnson further claims that the court erroneously admitted a prior out-of-court statement by the victim into evidence. Johnson had attempted to impeach the victim by showing her testimony was inconsistent with her prior statement to a police officer. In response, the State was allowed to introduce in evidence the full text of this prior statement, about two pages in length. Citing dictum from *Samuels v. State,* (1978) 267 Ind. 676, 372 N.E.2d 1186, Johnson argues the court erroneously admitted the prior statement "as a mere substitute for available in-court testimony."[6] *Id.* at 679, 372 N.E.2d at 1187. This contention is without merit. Here, as in *Samuels,* the prior statement was admitted not as sub-

stantive evidence but rather as evidence concerning the witness's credibility. After Johnson attempted to impeach the witness by her prior inconsistent statement, her prior consistent statements were clearly admissible to rehabilitate her. *Carroll v. State,* (1975) 263 Ind. 696, 338 N.E.2d 264. The court properly admitted the victim's prior statement into evidence.

### VI.

Finally, Johnson argues the court erred during the sentencing hearing in not allowing him to make a testimonial offer to prove. Johnson sought to make this offer of proof, by eliciting the proposed testimony from his witness, after the court ruled the witness could not testify to the victim's reputation. Generally, when no jury is present, the court must allow such an offer of proof by taking the proposed testimony in full. Ind.Rules of Procedure, Trial Rule 43(C). Nevertheless, when "it clearly appears that the evidence is not admissible on any ground," the court need not allow an offer of proof in the form of direct testimony. *Id.* Testimony about the victim's reputation was clearly irrelevant in the context of a sentencing hearing, since such testimony could not establish any of the mitigating factors listed in Ind.Code 35–4.1–4–7(b). Thus, the court did not err in refusing to permit Johnson's offer of proof in the form of direct testimony.

Johnson's conviction for Attempted Rape is reversed; in all other respects, the trial court's judgment is affirmed.

CONOVER, P.J., concurs.

MILLER, J., concurs.

---

**5.** Johnson did attempt to introduce evidence of the victim's sexual history at his sentencing hearing, nearly four months after the jury trial. This action, however, preserved no error concerning the State's motion in limine, which by its own terms was of no effect after the jury trial ended.

**6.** Johnson also contends on appeal that, because parts of the victim's prior statement were irrelevant to rehabilitation, it was error to admit the prior statement in its entirety. This contention was not raised at trial or in Johnson's motion to correct errors. Any error is accordingly waived. *Morris v. State,* (1979) 270 Ind. 245, 384 N.E.2d 1022.