**Terry KELLER, Petitioner-Appellant,**

v.

**STATE of Indiana, Defendant-Appellee.**

**No. 1–385A54.**

Court of Appeals of Indiana,
First District.

Aug. 12, 1985.

Susan K. Carpenter, Public Defender, Jo Ann Farnsworth, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for defendant-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Petitioner Keller appeals the denial of post-conviction relief (P.C.R.) for alleged prosecutorial misconduct during the closing arguments of his jury trial in the Martin Circuit Court.

We affirm.

## STATEMENT OF THE FACTS

Keller was tried and convicted by a jury on August 18, 1982, on counts of (1) arson, (2) burglary, and (3) theft. On September 1, 1982, the court sentenced Keller as follows: (1) 14 years, 2 suspended, for arson; (2) 10 years for burglary; and (3) 2 years for theft; said sentences to be served concurrently. Keller filed his motion to correct errors on October 28, 1982, alleging insufficient evidence to support the verdict and that the court erred in not dismissing the action when the State delayed the trial without notice or consent for one week. On January 20, 1983, Keller agreed to waive a direct appeal in exchange for a reduced sentence to: (1) 10 years, 2 suspended, for arson; (2) 10 years, 2 suspended, for burglary; and (3) 2 years for theft. Keller filed a motion for shock probation on March 3, 1983, and a motion to reconsider such. On March 23, 1983, both were denied. On October 28, 1983, Keller filed a *pro se* P.C.R. petition with an affidavit of indigency alleging the prosecutor erroneously submitted his personal opinion to the jury in his closing argument in violation of Code of Professional Responsibility Disciplinary Rule DR7–106(C). A P.C.R. hearing was held on April 24, 1984, whereby Keller reiterated the alleged misconduct by the prosecutor. The court denied Keller's P.C.R. petition on May 25, 1984, finding no misconduct and that even assuming such petitioner had waived this error by failing to object and preserve error at trial. Keller filed his motion to correct errors on the P.C.R. petition on July 12, 1984, again alleging prosecutorial misconduct in the closing argument. The court overruled such on December 10, 1984, whereby petitioner appeals.

## ISSUES

I. Whether the State engaged in misconduct during its final argument resulting in reversible error.

II. Whether petitioner properly sought relief for prosecutorial misconduct through post-conviction proceedings.

## DISCUSSION AND DECISION

■ Petitioner initially contends that this case must be transferred to our supreme court by authority of *Grassmyer v. State*, (1981) Ind., 429 N.E.2d 248. *Grassmyer* holds that judgments imposing a minimum sentence greater than ten years imprisonment are within the supreme court's jurisdiction. Additionally, jurisdiction is determined by the minimum period of incarceration which would satisfy the court's sentence. *Id.* at 251. *See also* Ind.Rules of Procedure, Appellate Rule 4(A)(7). Petitioner argues that Ind. Rules of Procedure, Post-Conviction Rule 1, Sec. 7, determines jurisdiction by the "sentence originally imposed". He contends that the supreme court should have jurisdiction since Keller was initially sentenced to 14 years, 2 suspended, for arson, before being reduced to 10 years by the court's January 20, 1983 modification. We disagree. We view the January 20 modification as the original sentence by amendment and retain jurisdiction due to Keller being incarcerated no longer than 10 years by the trial court's sentence.

We will address the merits of petitioner's argument first, but are of the opinion that such has been waived and is procedurally improper. Petitioner alleges that the following statements in the prosecutor's closing argument improperly included the prosecutor's personal opinions:

"Now analysis (sic)—an analysis of the witness's (sic) presented by the State in my opinion can draw, can leave you to draw only one conclusion, and that is that the defendant is guilty of each and every one of the counts with which he is charged.... But we did have testimony from Shawn Qualkenbush that the defendant did set the fire by using gasoline. We feel that based upon testimony of John Russell Hunt, based upon testimony of the Deputy State Fire Marshall and finally upon testimony of Shawn Qualkenbush. That all the evidence leads to but one conclusion that

Terry Keller did comit (sic) arson. In the home of Bill and Beluah Howell on February the 20th 1982. That's in our opinion concludes what we're required as part of the State of Indiana to prove the elements of Arson against the defendant.... [W]e feel based upon this testimony upon this residence in Indiana you can draw only one conclusion. And that is that this defendant committed the crime of Theft.... [W]e feel that you can only draw one conclusion based upon what evidence was presented to you and that is that Terry Keller the defendant sitting at the table to my left, in the blue shirt is guilty of the crimes of Burglary, Theft and Arson. Thank you.

\* \* \* \* \* \*

That's the evidence we have you can't ignore that based upon that again the State feels that you can only draw one conclusion, that we have proved beyond a reasonable doubt that this defendant is guilty of Arson, guilty of Theft and he is guilty of Burglary. I hope that you understand what we're involved with here and I appreciated your time and I feel that you have to use your own conscious (sic) use your own fair judgment and you will return what verdict is only right and just and proper and that is guilty as charged on all three counts."

Appellant's Brief at 14.

Petitioner claims the above comments contained personal opinions of his guilt and thereby placed him in a position of grave peril. We disagree. Disciplinary Rule DR 7–106(C)(4) states:

"In appearing in his professional capacity before a tribunal, a lawyer shall not: ... (4) Assert his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; *but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters state herein.* (emphasis supplied)."

We agree with the State that the prosecutor based his comments on the evidence as

consistent with DR 7-106(C)(4) and not upon any superior knowledge or undisclosed evidence.

In *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843, our supreme court supplied a bifurcated test for determining reversible error on such an issue: (1) did the prosecutor in fact engage in misconduct; and (2) if so, did this misconduct place the defendant in grave peril. *Id.* at 498, 355 N.E.2d at 848. On the first test, we find *Merritte v. State*, (1982) Ind., 438 N.E.2d 754, persuasive and determinative to the case at bar. It states that a prosecutor may summarize and analyze the evidence and make related statements as long as he does not infer to the jury that he has some undisclosed evidence pointing toward the defendant's guilt. *Id.* at 757. *See also Swope v. State*, (1975) 263 Ind. 148, 325 N.E.2d 193. We find no misconduct, thus the second test in *Maldonado* is unnecessary. *Merritte, supra.* Even if we had found prosecutorial misconduct, the State correctly notes that Keller has waived this issue for appellate review by failing to lodge a contemporaneous objection to the comments at trial. *Maldonado, supra; Didio v. State*, (1984) Ind., 471 N.E.2d 1117; *Shanholt v. State*, (1983) Ind. App., 448 N.E.2d 308.

Though not raised in the appeal by the parties, we wish to address the propriety of proceeding under a post-conviction remedy as a substitute for a direct appeal. We hold that prosecutorial misconduct claims are improper for post-conviction review and are solely to be remedied within the scope of direct appeals. In so ruling, we cite the following from Chief Justice Givan's recent opinion in *Bailey v. State*, (1985) Ind., 472 N.E.2d 1260.

"[W]e wish to clarify the question of the propriety of raising an issue singularly characterized as fundamental error in a post-conviction petition.

The remedy of post-conviction relief is not a substitute for a direct appeal. Ind. R.P.C. 1, Sec. 1(b)....

The post-conviction relief process is also open to the raising [of] issues not known at the time of the original trial and appeal or for some reason not available to the defendant at that time. *Kimble v. State*, (1983) Ind., 451 N.E.2d 302, 303–304. It is not, however, open to the raising of issues available to a petitioner upon his original appeal. *Brown v. State*, (1974) 261 Ind. 619, 308 N.E.2d 699. Errors not assigned at the trial level nor argued on direct appeal are deemed waived in the context of post-conviction relief. *Frith v. State*, (1983) Ind., 452 N.E.2d 930; *Howland v. State*, (1982) Ind., 442 N.E.2d 1081. To unreservedly hold the door open for appellate review under the post conviction remedy rules, regardless of the circumstances which preceded, would perforce characterize post conviction relief as some sort of 'super-appeal' contrary to its intended function. *Langley v. State*, (1971) 256 Ind. 199, 210, 267 N.E.2d 538, 544."

*Id.* at 1262–1263.

We view prosecutorial misconduct to be within this ruling. Such an alleged error, as relevant to Keller, occurs in front of the defendant whereby he must immediately object, preserve error at trial and seek remedy on direct appeal. Such error is improper for post-conviction relief because it fails to be an issue "not known at the time of the original trial and appeal or for some reason not available to the defendant at that time". *Id.*

Without relating which element of P.C.R. 1(a) is applicable, Keller alleges his right to a fair trial was violated during the prosecutor's closing argument. This contention, that his due process rights were violated, may not be alleged in the "free-standing form" of a post-conviction petition which *Bailey* addressed. *Id.* Further, in *Langley; Richardson v. State*, (1971) 256 Ind. 199, 267 N.E.2d 538, our supreme court gave three reasons why a direct appeal is preferred: (1) a direct appeal provides an expeditious means by which a trial judge may correct his errors while the issues are still fresh in his memory and provides a defendant speedy vindication on the appellate level; (2) the scope of review on direct

appeal is well defined and broader than that permitted by collateral attack through post-conviction relief; and (3) a defendant is less likely to encounter procedural difficulties or questions of waiver under a direct appeal remedy. *Id.* at 204, 267 N.E.2d at 541. We also note that *Maldonado, supra,* the case that supplies the bifurcated test for prosecutorial misconduct, was an action on direct appeal, as was *Johnson v. State,* (1983) Ind.App., 453 N.E.2d 365, the case on which Keller relies.

One can easily infer that Keller sought P.C.R. as a substitute to his January 20, 1983 waiver of a direct appeal wherefrom he obtained a lesser sentence. Keller also failed to allege in his original motion to correct errors on October 28, 1982, that the prosecutor submitted his personal opinions to the jury. We believe actions for prosecutorial misconduct to be within the scope of *Bailey, supra,* and hold that a direct appeal, not post-conviction relief, is the proper remedy. Having waived his direct appeal, Keller may not pursue improper and alternative remedies.

Affirmed for reasons stated herein.

Judgment affirmed.

RATLIFF, P.J., and ROBERTSON, J., concur.