In the Matter of J.S.F., A Child Alleged To Be A Delinquent Child.

No. 16A01-8809-JV-00291.

Court of Appeals of Indiana, First District.

March 13, 1989.
Rehearing Denied May 9, 1989.

Jack R. Shields, Shields & Jones, Batesville, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Defendant-appellant, J.F., appeals the decision of the Decatur Circuit Court finding her to be a delinquent child pursuant to IND.CODE 31-6-4-1.

We affirm.

### STATEMENT OF THE FACTS

On February 20, 1988, officials at the Decatur County Sheriff's Department received an anonymous telephone call informing them of a party at which underage individuals were consuming alcohol. In response, three Decatur County Deputy Sheriffs were dispatched to the J.F. residence where they arrived shortly after midnight. As the officers approached the house, they observed individuals running through the home and the lights were turned off. Failing to get a response when they knocked

on a door at the rear of the home, the officers radioed the dispatcher to contact the residence and request that someone answer the door. The dispatcher's telephone call awakened J.F.'s mother, who had been sleeping in an upstairs bedroom with her husband, J.F.'s father, and she dressed and went to answer the door. While waiting for someone to answer the door, the officers shined a flashlight into the glass enclosed porch entrance and observed an alcoholic beverage sitting inside the doorway. They also directed the flashlight inside a nearby window and several individuals hid behind a pool table located in the room when the light fell upon them.

When J.F.'s mother answered the door, the officers explained that they were conducting an investigation to determine whether minors were consuming alcohol at the residence and they requested entry into the home. She was initially reluctant to let the officers into the house, but after further discussion stepped back from the door and permitted them to enter. Inside the home, the officers located ten high school sophomore girls and a number of boys. They gathered everyone in the recreation room and asked if anyone wanted to claim they had not been drinking; no one indicated they wanted to do so. Throughout the house, they observed a wine bottle, beer cans, a three-fourths empty bottle of whiskey, and a bottle of peach schnaps. After asking various basic identification information, the officers administered an alcosensor test to all present. J.F. registered positive and she, along with others who tested positive, was transported to the county jail in order to take a breathalyzer test. At the jail, J.F. agreed to take the breathalyzer test and measured a breath alcohol content of .03%. She and the others were not incarcerated but were released to their parents.

On March 3, the Decatur County Juvenile Department filed its report and preliminary investigation into the incident. Thereafter, the State filed a petition requesting the trial court to declare J.F., 15 years old on the date of the incident, to be a delinquent child. The petition was based upon IND.CODE 31-6-4-1(a)(6) which defines a delinquent act to include a violation of IND.CODE 7.1-5-7. That section creates a Class C misdemeanor for a minor who knowingly consumes alcohol. A fact finding hearing was conducted following which the trial court entered an order finding J.F. to be a delinquent child pursuant to the petition. The trial court sentenced J.F. to a ten day suspended sentence and placed her on probation for a period of six months. J.F. subsequently instituted this appeal.

## ISSUES

J.F. raises three issues for our review:

I. Whether the trial court erred in admitting evidence obtained as a result of a search of J.F.'s family residence.

II. Whether the trial court erred in admitting the results of J.F.'s alcosensor and breathalyzer tests.

III. Whether the State laid a sufficient foundation for the admission of the breathalyzer test.

## DISCUSSION AND DECISION

■ J.F. first contends that the trial court erred in admitting evidence obtained as a result of an allegedly unlawful search of her residence. J.F. argues emphatically that the police officers conducted an unlawful search. We note, however, that she fails to point to any evidence which the trial court improperly admitted as a product of that search. An improper search does not deprive the State of the right to try a defendant. It only goes to the question of the admissibility of evidence. *Sewell v. State* (1983), Ind.App., 452 N.E.2d 1018. Nowhere in her brief does J.F. point out that certain evidence was obtained as a result of the search or that she registered a proper objection when it was offered into evidence. Rather, she merely argues that the search was unlawful. Accordingly, J.F. has waived consideration of any alleged error on this issue due to her failure to present cogent argument. *See* Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

■ J.F. next contends that the trial court erred in admitting the results of her

alcosensor and breathalyzer tests into evidence. She alleges that the police did not advise her of her *Miranda* rights prior to administering either test and denies that she waived those rights as provided under IND.CODE 31–6–7–3. Thus, she maintains that admitting the test results into evidence violated her privilege against self-incrimination.

Both this court and our supreme court have repeatedly held that *Miranda* warnings are not required to be given prior to administering field sobriety tests or breathalyzer tests. *Heichelbech v. State* (1972), 258 Ind. 334, 281 N.E.2d 102; *Huey v. State* (1987), Ind.App., 503 N.E.2d 623; *Smith v. State* (1986), Ind.App., 496 N.E.2d 778; *Rowe v. State* (1973), 157 Ind.App. 283, 299 N.E.2d 852; *see also Gibbs v. State* (1983), Ind.App., 444 N.E.2d 893. These cases reason that neither type of test is testimonial or communicative in nature but rather provide only real or physical forms of evidence. Thus, the fifth amendment is not involved and the admission of the test results into evidence does not violate the privilege against self-incrimination. Likewise, in the case at bar, the police officers were not required to inform J.F. of her *Miranda* rights prior to administering either the alcosensor or breathalyzer test because the results of those tests provided physical, not testimonial, evidence. Because the privilege against self-incrimination was not violated by such testing, it is not necessary to determine whether J.F. waived that privilege as specified under IND.CODE 31–6–7–3. The trial court did not err in admitting the results of either test into evidence.

■ J.F. finally argues there was an insufficient foundation to admit the results of the breathalyzer test. In order for the results of a breathalyzer test to be admissible, three foundational elements must be established:

(1) The operator administering the test was certified by the department of toxicology;

(2) The equipment used in the test was inspected and approved by the department of toxicology; and

(3) The operator followed procedures approved by the department of toxicology.

*Sell v. State* (1986), Ind.App., 496 N.E.2d 799; *Boothe v. State* (1982), Ind.App., 439 N.E.2d 708. J.F. contends there was insufficient evidence to establish the third element. With regard thereto, the State elicited the following evidence at trial:

Q. Now what procedure did you use in administering the test?

A. To administer a breath test .. the same procedure as .. the same six steps that we follow on a D.U.I. test.

Q. Is this same procedure used and authorized by the Indiana University State Department of Toxicology?

A. Yes it is.

Q. Did you use that procedure when you tested J.F.?

A. Yes I did.

\* \* \* \* \* \*

Q. Did you conduct a test on J.F. according to procedure required for that particular instrument?

A. Yes I did.

*Record* at 71–72.

In *Boothe, supra,* this court found that the requirement of proof of approved procedures had not been satisfied. In that case, the test operator testified that he followed the guidelines established by the department of toxicology in administering the test upon the defendant. He did not state what those procedures were nor was a copy of the applicable guidelines admitted into evidence as an exhibit. We held that the mere assertion by the test operator that the department guidelines were followed, by itself, was not sufficient to allow the breathalyzer test results to be admitted. There must be evidence of what the approved procedures were. Such evidence is provided where a certified copy of the department of toxicology guidelines is admitted into evidence or the test operator reads into the record the applicable procedures from the department guidelines and testifies that he followed those procedures. *Sell, supra.* Such evidence was not provid-

ed in the case at bar. Thus, the trial court erred in admitting J.F.'s breathalyzer test results.

Although the test results were improperly admitted, the error was harmless. As the State points out in its brief, this was not a case where a particular level of intoxication needed to be established. Rather, the State was required to prove only that J.F. was a minor who had consumed alcohol. Through the admission of her birth certificate, the State established that J.F. was 15 on the date of the incident. In addition to the field sobriety test which indicated positive results, two minors who had attended the party testified for the State. Each of these witnesses stated that everyone at the party was drinking, and one specifically testified that he observed J.F. consume alcohol. Thus, the erroneously admitted evidence was merely cumulative. *Funk v. State* (1981), Ind., 427 N.E. 2d 1081. There was sufficient independent evidence that J.F. had committed the delinquent act as alleged in the petition.

Accordingly, for the above reasons, the judgment is affirmed.

JUDGMENT AFFIRMED.

ROBERTSON and HOFFMAN, JJ., concur.